UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET BATTY, )<br>　　　　　　　　　　　　　　　　)<br>　　　　Plaintiff　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>ST. JOHN'S COMMUNITY SERVICES )<br>　　　　　　　　　　　　　　　　)<br>　　　　Defendant.　　　　　　　　) | Civil Action No.: |

## PLAINTIFF'S COMPLAINT

1. This is a suit brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. to obtain money damages and equitable relief for national origin discrimination.

2. This suit is brought against St. John's Community Services.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C Sec. 1331.

2. Venue is appropriate under 28 U.S.C. 1391, because this is the judicial district in which the cause of action arose and discriminatory practices occurred.

3. Plaintiff has timely filed complaints with the EEOC over the matters pursued herein and has exhausted all administrative requirements, including commencing this action within 90 days after receiving her right to sue authorization from the EEOC.

## PARTIES

1. Plaintiff is a 57-year-old female who resides in the Takoma Park Maryland.

2. Defendant, St. John's Community Services is a non-for-profit corporation offering services in support of the disabled. Defendant employs over 50 employees and is engaged in interstate commerce bringing it within the protective province of the Civil Rights Act of 1964, as amended. Located at 2201 Wisconsin Ave., NW, Suite C-150, Washington, DC, 20007.

## STATEMENT OF FACTS

3. Plaintiff was born in Sierre Leone and has an African cultural heritage. She came to the U.S in 2001, and is a citizen residing in the Maryland.

4. Plaintiff started working for Defendant as a Direct Support Professional in August 2011, assigned to assist patients with cognitive disabilities. Plaintiff performed her job duties well and was never disciplined until the incident of this complaint.

5. On August 7, 2013 Plaintiff was working for Defendant when she was asked by UPS to sign for a parcel addressed to a patient she cared for. Believing the parcel contained medication, Plaintiff reported the parcel to the nurse caring for the patient. Later that day, UPS called stating the package was misdelivered and that they would be coming by to retrieve it.

6. The treating nurse of the patient examined the package and stated she did not believe it contained medication. When Plaintiff left her shift at 11AM, the package remained where she had left it.

7. On September 9th, 2013 Plaintiff was suspended. She was told the package had been reported missing. Plaintiff explained her role in singing for the package and reporting it to the nurse.

8. On November 14, 2013 Plaintiff was terminated by the Defendant. She was told a Department of Disability Services investigation had taken place and had found her guilty of resident abuse related to the UPS parcel signing. Plaintiff was never interviewed during this investigation and was denied any right to appeal. Because Plaintiff never engaged in any activity remotely related to resident abuse she believes this is pre-text to terminate her due to her national origin. To date, Plaintiff has never been given any explanation on why her actions were inappropriate.

9. Plaintiff filed a complaint with the EEOC describing the national origin discrimination. On July, 11 2015 Plaintiff received a faxed right to sue notice.

## CLAIMS

### I.     Defendant Terminated Plaintiff Because of Plaintiff's National Origin

10. Plaintiff incorporates by reference paragraphs 1 through 9 above.

11. Defendant, acting through its supervisory agents and employees, engaged in national origin discrimination against Plaintiff in November 2013 by terminating Plaintiff with false and pretextual reasons in violation of the Civil Rights Act of 1964, as amended.

12. Defendant's termination of Plaintiff in November, 2013 claiming she abused a patient is pretextual. Plaintiff never abused a patient and fully complied with procedures for receiving a parcel. Any investigation done was purposefully incomplete and flawed.

### II.            RELIEF REQUESTED

WHEREFORE, Plaintiff requests this Court to provide her with the following relief:

1. Direct Defendant to reinstate Plaintiff with full back pay, and other benefits she would normally have accrued in the absence of discrimination and reprisal;

2. Direct Defendant to compensate Plaintiff for compensatory and punitive damages because of their intentional discrimination/reprisal against Plaintiff;

3. Direct that Defendant compensate Plaintiff for reasonable attorney's fees and costs in having to bring this action to enforce her rights to be free of discrimination and reprisal;

4. Direct such other relief as is necessary to make Plaintiff whole for her injuries within the spirit of the statutes determined to be violated

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues to which he is entitled to a jury trial under law.

Respectfully Submitted,

--------------/s/------------------------
James Kestell

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of October, 2015, I electronically filed the foregoing Plaintiff's Complaint with the Clerk of the court using the CM/ECF system and sent notice of such filing by First Class mail to the Defendant:

*Defendant*

St. John's Community Services
2201 Wisconsion Ave
Suite C-150
Washington, DC 20007

          Respectfully submitted,

          James L. Kestell, Esquire
          Kestell & Associates
          254 N. Washington Street
          Falls Church, VA
          Tel.: (703) 237-2912
          Fax.: (703) 237-4321

          *Counsel for Plaintiff*